**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 07 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK

| | |
|---|---|
| TAMARA BLANCHARD, | ) Case No.: |
| | ) 4:17cv732-SWW |
| Plaintiffs, | ) |
| v. | ) Hon. |
| | ) |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendant. | ) This case assigned to District Judge Wright |
| | ) and to Magistrate Judge Kearney |
| | ) |

## COMPLAINT

NOW COMES Plaintiff, TAMARA BLANCHARD ("Plaintiff"), by and through her attorneys, and for her Complaint against Defendant, SYNCHRONY BANK ("Defendant"), Plaintiff hereby alleges as follows:

### INTRODUCTION

1.   This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### PARITES

2.   Plaintiff is a natural person at all times relevant residing in Cabot, Arkansas.

3.   Defendant is a business entity headquartered in Draper, Utah.

4.   Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### JURISDICTION AND VENUE

5.   Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

## FACTUAL ALLEGATIONS

7.    Around June 2017, Plaintiff began receiving phone calls from Defendant on her cellular telephone.

8.    Telephone number █████████ is assigned to Plaintiff's cell phone.

9.    These calls are not for emergency purposes.

10.    These calls are made in connection with a credit card account.

11.    Defendant called Plaintiff's cell phone on consecutive days, including mornings, nights, and weekends.

12.    Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed these calls using an automatic telephone dialing system for purposes of the TCPA.

13.    On or about June 22, 2017, Plaintiff spoke with Defendant and instructed Defendant to stop calling her cell phone.

14.    Defendant continued to call Plaintiff's cell phone after June 22, 2076.

15.    Defendant continued to place calls to Plaintiff's cell phone on consecutive days, at times three times per day, including mornings, nights, and weekends.

16.    Plaintiff estimates Defendant called his cell phone at least ninety-three (93) times.

17.    Upon information and good faith belief, Defendant used an automatic telephone dialing system to place each and every call to Plaintiff's cell phone.

18.     Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

19.     Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

20.     Defendant placed these calls voluntarily.

21.     Defendant placed these calls under its own free will.

22.     Defendant willfully used an automatic telephone dialing system to place these calls.

23.     Plaintiff is annoyed and feels harassed by Defendant's calls.

**CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**

24.     Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1)  Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2)  Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3)  All court costs, witness fees and other fees incurred; and

(4)  Awarding such other and further relief as may be just, proper and equitable.

Respectfully submitted,

Dated: November 1, 2017

Adam T. Hill
Krohn & Moss Ltd.
10 N. Dearborn St.,
3rd Floor
Chicago, Il 60602
ahill@consumerlawcenter.com